IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GALEN PRICE,<br><br>            Plaintiff,<br><br>   v.<br><br>INTERNATIONAL PAPER COMPANY,<br><br>            Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

### INTERNATIONAL PAPER COMPANY'S NOTICE OF REMOVAL

Defendant International Paper Company ("IP" or "Removing Defendant"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the action styled *Galen Price v. International Paper Company,* Case No. 2017-L-007327 (the "Action"), from the Circuit Court of Cook County, State of Illinois to the United States District Court of the Northern District of Illinois.

This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441(b), in that the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different States; and none of the defendants are citizens of the State in which the Action was commenced.

In support thereof, Removing Defendant states as follows:

### I.    NOTICE OF REMOVAL IS TIMELY

1. On or about July 20, 2017, Plaintiff filed a Complaint against IP in the Circuit Court of Cook County, State of Illinois. This case has been assigned Case No. 2017-L-007327. *See* Plaintiff's Complaint, attached hereto and incorporated herein by reference as Exhibit A.

CHI-96581

2. IP was served with the Summons and Complaint on July 26, 2017. *See* Notice of Service of Process, attached hereto as Exhibit B.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within 30 days of IP's receipt of Plaintiff's Complaint, and within one year of the commencement of the Action.

## II.     DIVERSITY JURISDICTION EXISTS

4. This Court has original subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), because (a) there is complete diversity of citizenship among the parties; (b) the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and cost; and (c) none of the parties in interest who are properly joined and served as defendants are citizens of Illinois.

**A.     The Diversity of Citizenship Required is Satisfied.**

5. Upon information and belief, Plaintiff is an individual domiciled in the State of Illinois, and, therefore, for the purposes of this Notice of Removal, Plaintiff is a citizen of the State of Illinois. *See* Exhibit A, Count I ¶ 1.

6. Defendant IP is a corporation incorporated in the State of New York, with its principal place of business in Memphis, Tennessee, and, therefore, for the purpose of this Notice of Removal, IP is a citizen of the State of New York and the State of Tennessee.

7. There is complete diversity of citizenship because Plaintiff is a citizen of Illinois, and IP is a corporate citizen of New York and Tennessee. *See* 28 U.S.C. § 1332(a)(1)(court has diversity jurisdiction over citizens of different states).

**B.     The Amount in Controversy Required is Satisfied.**

8. Although Plaintiff's Complaint prays for judgment "in excess of $50,000.00," there is a reasonable probability that the claim placed at issue is an amount greater than

Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815–16 (7th Cir. 2006); *Smith v. American General Life & Accident Ins. Co.,* 337 F.3d 888, 892 (7th Cir. 2003); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427–28 (7th Cir. 1997).

9. Plaintiff alleges that as a proximate result of IP's actions, Plaintiff "sustained injuries of a personal and pecuniary nature." *See* Exhibit A, Count I ¶ 14, and Count II ¶ 14.

10. IP has been in communication with Old Republic Life Insurance Company, who has asserted a subrogation lien against IP, alleging that it has paid Plaintiff's medical bills, disability benefits and lost wages. As of IP's most recent discussion with representatives from Old Republic Life Insurance, the lien totaled over $100,000.00.

11. Without admitting the veracity of Plaintiff's allegations, a reasonable and commonsense reading of the Complaint along with the information given to IP from Old Republic Life Insurance shows that the amount in controversy requirement has been met.

12. In light of the complete diversity of citizenship between the parties and the requisite amount in controversy, this Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

### III. REMOVAL TO THIS DISTRICT IS PROPER

13. Removal venue exists in the United States District Court for the Northern District of Illinois, and is proper in this Court, because the Circuit Court of Cook County, Illinois (where the Action was originally filed) is within the jurisdiction of the Northern District of Illinois. *See* 28 U.S.C. § 1441(a).

14. Pursuant to 28 U.S.C. § 1441(a), copies of all process, pleadings, and orders on file in the state court, as well as copies of all other process, pleadings, and orders served to date upon the Removing Defendant are attached hereto. *See* Exhibits A and B.

15. Pursuant to 28 U.S.C. § 1446(d) prompt written notice of this Notice of Removal is being sent to Plaintiff and to the Clerk of Court for the Circuit Court of Cook County, Illinois. Copies of the Notice to Clerk and Notice to Plaintiff are attached hereto as Exhibits C and D, respectively.

16. IP reserves the right to amend or supplement this Notice of Removal.

17. IP requests a trial by jury.

WHEREFORE, International Paper Company requests that the case styled *Galen Price v. International Paper Company,* Case No. 2017-L-007327, be removed to this Court and that this Court take subject matter jurisdiction over this matter.

Dated: August 22, 2017

HUSCH BLACKWELL LLP

By: /s/Jennifer L. Dlugosz
Jennifer L. Dlugosz (#6289378)
Ashleigh J. Morpeau (#6321167)
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Phone: (312) 655-1500
jen.dlugosz@huschblackwell.com
ashleigh.morpeau@huschblackwell.com

CHI-96581

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August 2017, the foregoing Notice of Removal was mailed by first-class U.S. Mail, postage prepaid, and filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

>Charles R. Romaker
>Fernando M. Bustamante
>The Romaker Law Firm
>Attorneys for Plaintiff
>211 West Wacker Drive, Suite 1450
>Chicago, IL  60606
>Phone: (312) 377-7000
>fbustamante@romakerlaw.com

By:  /s/Jennifer L. Dlugosz