# **EXHIBIT A**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GALEN PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| INTERNATIONAL PAPER COMPANY, ) | |
| a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

2017L007327
CALENDAR/ROOM Z
TIME 00:00
Premises Liability

**COMPLAINT AT LAW**

Plaintiff, Galen Price, by and through his attorneys, The Romaker Law Firm, complaining of the defendant, International Paper Company, a foreign corporation, states as follows:

**COUNT I - NEGLIGENCE**

1. The plaintiff, Galen Price, is a natural person resident of the Village of Noble, County of Richland, State of Illinois.

2. On July 24, 2015 and for a long time prior thereto, defendant, International Paper Company, was a corporation organized and existing under and by virtue of the laws of the State of New York, and was authorized to do, and was doing, business in the State of Illinois.

3. On July 24, 2015 and prior and subsequent thereto, defendant, International Paper Company, did business in the County of Cook, State of Illinois.

4. At all times pertinent, defendant, International Paper Company, owned, operated, managed, maintained and controlled certain premises commonly known as 3001 Otto Street, in the City of Belleville, County of St. Clair, State of Illinois.

5. The premises commonly known as 3001 Otto Street, Belleville, Illinois are improved with a building that contains offices, a container plant with converting and warehouse facilities and loading docks.

6. On July 24, 2015 at approximately 3:00 p.m., plaintiff, Galen Price, was a business invitee of the defendant, International Paper Company, at the premises located at 3001 Otto Street, Belleville, Illinois.

7. At all times pertinent herein, plaintiff, Galen Price, was in the exercise of ordinary care for the safety of his person and property.

8. At the time and place aforesaid, plaintiff, Galen Price, was standing on the apron and/or the landing strip of the defendant, International Paper Company's, loading dock hooking up his semi-tractor to a trailer.

9. When plaintiff, Galen Price, finished hooking up his semi-tractor to a trailer, he turned to walk toward the cab of his semi-tractor when he stepped into a separation between the slabs of concrete on the apron and/or the landing strip.

10. At the time and place aforesaid the level of the slab of concrete on the apron and or the landing strip which was closest to the plaintiff's semi-tractor trailer was different than the level of the slab of concrete on the apron and/or the landing strip which was immediately adjacent to that slab.

11. The difference in the level of the slabs of concrete on the apron and/or the landing strip trapped the plaintiff's left foot as he turned to walk toward the cab of his semi-tractor trailer.

12. At the time and place aforesaid, it was the duty of the defendant, International Paper Company, to exercise ordinary care for the safety of the plaintiff.

2

13. Notwithstanding its duty as aforesaid, defendant was then and there guilty of one or more of the following careless and negligent acts or omissions:

    (a) Carelessly and negligently failed to repair its premises and/or maintain them in a reasonably safe condition;

    (b) Carelessly and negligently failed to post signs or other devices to warn pedestrians such as the plaintiff of the presence of the dangerous condition of the premises;

    (c) Carelessly and negligently failed to post any signs or other devices to warn the plaintiff that there was a difference in the level of the slabs of concrete on the apron of its loading dock;

    (d) Carelessly and negligently failed to paint or otherwise highlight the difference in the level of the slabs of concrete on the apron of its loading dock so as to warn pedestrians of the existence of the dangerous condition of the premises;

    (e) Carelessly and negligently failed to ensure that the slabs of concrete on the apron of its loading dock were of the same height and level; and,

    (f) Carelessly and negligently allowed the separation between the concrete slabs on the apron of its loading dock to widen and present a dangerous condition on the premises.

14. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of the defendant the plaintiff, Galen Price, sustained injuries of a personal and pecuniary nature.

**WHEREFORE**, plaintiff, Galen Price, prays that this Honorable Court enter judgment in his favor and against defendant, International Paper Company, a foreign corporation, in an amount in excess of Fifty-Thousand Dollars ($50,000.00) plus the costs of this suit.

### COUNT II – PREMISES LIABILITY

1. – 11. Plaintiff, Galen Price, repeats and re-alleges paragraphs 1 through 11 of Count I as paragraphs 1 through 11 of Count II as though set forth verbatim herein.

3

12. At the time and place aforesaid, it was the duty of the defendant, International Paper Company, to exercise ordinary care to see that its property was reasonably safe for the use of those lawfully on the premises, including the plaintiff.

13. Notwithstanding its duty as aforesaid, defendant was then and there guilty of one or more of the following careless and negligent acts or omissions:

   (a) Carelessly and negligently failed to repair its premises and/or maintain them in a reasonably safe condition;

   (b) Carelessly and negligently failed to post signs or other devices to warn pedestrians such as the plaintiff of the presence of the dangerous condition of the premises;

   (c) Carelessly and negligently failed to post any signs or other devices to warn the plaintiff that there was a difference in the level of the slabs of concrete on the apron of its loading dock;

   (d) Carelessly and negligently failed to paint or otherwise highlight the difference in the level of the slabs of concrete on the apron of its loading dock so as to warn pedestrians of the existence of the dangerous condition of the premises;

   (e) Carelessly and negligently failed to ensure that the slabs of concrete on the apron of its loading dock were of the same height and level;

   (f) Carelessly and negligently allowed the separation between the concrete slabs on the apron of its loading dock to widen and present a dangerous condition on the premises.

14. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of the defendant the plaintiff, Galen Price, sustained injuries of a personal and pecuniary nature.

**WHEREFORE**, plaintiff, Galen Price, prays that this Honorable Court enter judgment in his favor and against defendant, International Paper Company, a foreign corporation, in an amount in excess of Fifty-Thousand Dollars ($50,000.00) plus the costs of this suit.

GALEN PRICE,

By: _____
Charles P. Romaker

Charles P. Romaker
Fernando M. Bustamante
**The Romaker Law Firm**
211 West Wacker Drive – Suite 1450
Chicago, Illinois 60606
312.377.7000
Attorney No. 29529
fbustamante@romakerlaw.com

5